UNITED STATES of America ex rel. Eugene Alan MILLER, Petitioner,

v.

Lt. Col. Ernest M. EBERHARDT, Commanding Officer, A.F.E.E.S.; Stanley Resor, U. S. Secretary of the Army, and Melvin Laird, U. S. Secretary of Defense, In Their Official Capacities, Respondents.

Civ. A. No. 14781.

United States District Court,
N. D. Georgia,
Atlanta Division.

March 12, 1971.

Larry D. Woods, David A. Webster, Atlanta, Ga., for petitioner.

Allen I. Hirsch, Asst. U. S. Atty., N. D. Georgia, Atlanta, Ga., for respondents.

ORDER

MOYE, District Judge.

In this petition for habeas corpus under 28 U.S.C. § 2241, petitioner seeks a discharge from the Armed Forces on the ground that his induction was in violation of his right to due process of law. As a matter of background only, petitioner was classified as I–A by his local draft board (Local Board No. 62, Atlanta, Georgia) in August of 1970. Petitioner sought to be reclassified as III–A (hardship deferment) because of his father's recent incapacitating stroke. This request was rejected by the Local Board in October, 1970, and the decision was subsequently affirmed by the State Appeal Board. Petitioner does not contest the validity of this determination.

On January 2, 1971, while still classified as I–A and before any induction order was issued, petitioner was married to Susan Dreyfuss. On January 4, 1971, petitioner informed the Local Board, by letter, of his marriage and requested a hardship deferment (III–A) on the ground that his wife suffered from an incurable intestinal disease and was fully dependent upon him for her support.[1]

1. The letter stated, in pertinent part: "She has been to doctors in New Orleans, Louisiana, Atlanta, Georgia, and Mayo Clinic in Rochester, Minnesota. Over the past two and a half years, my wife, Susan, has spent several months at a time in bed.

Petitioner advised the Board that his claim would be supported by forthcoming letters from his wife's doctors, which letters are attached to the petition. In a letter of January 7, 1971, David E. Hein, M. D., informed the Board that petitioner's wife was the "victim of Crohn's Disease of the ileum and colon. [She] is unable to work full time and requires regular medical attention. She depends upon her husband for full support * * *." In a letter to petitioner, dated January 8, 1971, Doctor Murrel H. Kaplan stated: "Her illness unfortunately is such that it may not give her any trouble for periods and then again exacerbate. I am sure that you are aware of her condition. I think, inasmuch as I have not seen her since May of 1969, it may be very necessary for you to get further documentation of her illness of recent date."

After submitting the foregoing information, petitioner received a letter from the Board, dated January 21, 1971, the full text of which informed petitioner of the following:

"This is to advise you that the Board members reviewed your file on January 20, 1971, and considered doctor's letters received regarding your wife's condition and your letter dated January 4, 1971. They feel there is no basis in fact for a reopening of your classification. Your status remains the same, available for military service."

On February 3, 1971, petitioner advised the Board of his understanding that he was entitled to a personal appearance before the Board relative to his application for a hardship deferment. He also requested that a "dependency questionnaire" be forwarded to him. Petitioner alleges that the Executive Secretary of the Board informed him by telephone that his request of February 3, 1971, was being denied for the reasons set out in the Board's letter of January 21. Respondent, for want of sufficient information, neither admitted nor denied this allegation.

On February 9, 1971, petitioner received orders to report for induction on February 25, 1971. Petitioner alleges he made various efforts to obtain a personal appearance after receipt of his induction orders and submitted further medical evidence concerning his wife's condition, but this information need not be discussed at this point. Petitioner submitted to induction into the armed forces on February 25, 1971, and, on the same day, filed this petition for habeas corpus. This Court ordered the respondent to show cause why the writ should not issue and set the case for hearing, which hearing has now been held.

■■ At the outset it is important to articulate the procedures required to be followed by the Local Board and to analyze their legal significance. The Selective Service Regulations provide that a registrant's classification may be reopened and considered anew where new facts are present to justify a reclassification.[2] Although the regula-

---

Much rest and limited physical activity as well as a highly restricted diet and constant medication are a necessary part of her prescribed treatment. This information will be documented in letters forthcoming from her doctors.

"Because of her illness, Susan is unable to work full-time, and is therefore unable to support herself. I, as her husband, am responsible for her and must support her. Both of our families are against our marriage because of Susan's illness, and refuse to contribute to her support. Therefore, the sole burden of her maintenance and continued medical aid rests on my shoulders alone."

2. 32 C.F.R. § 1625.2 "The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant, * * * if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true would justify a change in the registrant's classification; * * * provided * * * the classification of a registrant shall not be reopened after the local board has mailed to such reg-

tions leave the decision of reopening to the discretion of the Local Board, the rule is well settled that "where the registrant has set out new facts which establish a prima facie case for a new classification, a Board *must* reopen to determine whether he is entitled to that classification." Mulloy v. United States, 398 U.S. 410, 411, 90 S.Ct. 1766, 1770, 26 L.Ed.2d 362 (1970), and cases cited therein. (Emphasis added.) The effect of this rule is of substantial significance. If the request for reopening is granted, the Board must reclassify the registrant anew,[3] even if it assigns him the same classification, and notify the registrant of the new classification.[4] This procedure has the effect of giving the registrant the right to appear personally before the Board and to appeal an adverse decision.[5] If, however, the Board refuses to reopen a classification, there is no right to personal appearance or appeal. The importance of this distinction is obvious: "It would * * * be a denial of procedural due process if local boards prevented administrative appeal from a refusal to reclassify by casting it in the form of a refusal to reopen." United States v. Turner, 421 F. 2d 1251, 1253 (3d Cir. 1970), and cases cited therein.

■ On the basis of Mulloy v. United States, *supra*, the Court has determined that the issue in the instant case is whether petitioner presented facts which would amount to a prima facie case for a III–A (hardship deferment) Classification.[6] The requirements for such a classification are set forth in the Selective Service Regulations:

"In Class III–A shall be placed any registrant whose induction into the armed forces would result in extreme hardship (1) to his wife * * * who is dependent upon him for support, or (2) to * * * a person of any age who is physically or mentally handicapped whose support the registrant has assumed in good faith * * * *"

32 C.F.R. § 1622.30(b).

It is clear to the Court that petitioner's letter of January 4, 1971, in conjunction with letters from two physicians, establishes a prima facie case for a III–A classification. The Local Board, therefore, abused its discretion in refusing to reopen petitioner's classification, and the induction order was thereby rendered illegal. For the foregoing reasons, it is ordered that respondent release petitioner from the Armed Forces

---

32 C.F.R. § 1625.4

istrant an Order to Report for Induction * * * *" "When a registrant * * * files with the local board a written request to reopen and consider anew the registrant's classification and the local board is of the opinion that the information accompanying such request fails to present any facts in addition to those considered when the registrant was classified or, even if new facts are presented, the local board is of the opinion that such facts, if true, would not justify a change in such registrant's classification, it shall not reopen the registrant's classification * * * *"

3. 32 C.F.R. § 1625.11

4. 32 C.F.R. § 1625.12

5. 32 C.F.R. § 1625.13

6. At oral argument, the government questioned the applicability of the *Mulloy* rationale to cases involving requests for hardship deferments, apparently on the basis of the difference in requirements between I–O (conscientious objection) classification and III–A classification. In this regard, the government pointed to an alleged conflict between the rationale in the text of *Mulloy* and Footnote 7 to the text of that opinion. This Court does not agree with the government's argument that there is a conflict insofar as the "prima facie case" rationale is concerned and further is of the opinion that the *Mulloy* rationale is equally applicable to cases involving the III–A classification. Furthermore, this rationale has heretofore been applied to cases involving the III–A classification. See United States v. Grier, 415 F.2d 1098 (4th Cir. 1969); United States v. Burlich, 257 F.Supp. 906 (S.D.N.Y.1966).

and from custody. It is further ordered that petitioner's records, together with a copy of this order, be forwarded to Local Board No. 62, Atlanta, Georgia, for disposition not inconsistent with this Order.