**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Peter Michael MARCOVICH, Defendant-Appellant.**

**No. 71–1974.**

United States Court of Appeals, Ninth Circuit.

Jan. 7, 1972.

Rehearing Denied March 17, 1972.

Paul G. Sloan (argued), of Friedman & Sloan, San Francisco, Cal., for defendant-appellant.

Michael Field, Asst. U. S. Atty. (argued), James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before MADDEN,* Judge of the United States Court of Claims and CARTER and WRIGHT, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

Appellant was convicted and sentenced for a violation of 50 U.S.C. App. § 462(a) (1970 ed.), failure to submit to induction into the military service. He appeals on the ground that his induction was invalid because the local board did not have a basis in fact for denying his request for reclassification in class II–A (occupational deferment). He also urges that since neither the local nor the appeal board stated a reason for the denial, his induction notice was invalid under the rationale of United States v. Haughton (9 Cir. 1969) 413 F.2d 736, 739. We find that there was a basis in fact for the I–A classification and that the failure of the local and appeal board to state a reason for denying the requested deferment does not invalidate the induction order under the facts of our case. We affirm.

## I. Factual Summary.

Appellant registered with the Selective Service System on December 14, 1965. While classified and deferred as a student, he requested an occupational deferment, class II–A. In his request he stated he was no longer a student, but had been enrolled in an apprentice carpenter training program since September 30, 1968. The local board met on March 11, 1969, reopened his classification and reclassified him I–A. No reasons were stated for denying the Class II–A deferment. On April 9, 1969, appellant appealed his I–A classification. The local board declined to reopen his classification on May 15, 1969, and on October 7, 1969, the appeal board denied his appeal without giving a reason.

Appellant was ordered to report for induction on November 18, 1969. He then filed a request for conscientious objector status which was denied. His induction date was then moved to December 3, 1969. He reported on that date but refused to submit to induction.

## II. Basis in Fact.

■ Appellant maintains the local board lacked a basis in fact for denying his request for a II–A deferment. The requirements for an apprentice deferment are contained in 32 C.F.R. §§ 1622.22(a), 1622.23(b) and 1622.23a.[1]

---

* Honorable J. Warren Madden, Senior Judge, United States Court of Claims, sitting by designation.

1. These sections in 32 C.F.R. provided in pertinent part in January, 1969, as follows:
1622.22(a): In Class II–A shall be placed any registrant whose employment in industry, or other occupation or employment * * * is found to be necessary to the maintenance of the national health, safety or interest.

1622.23(b): A registrant's activity as an apprentice in an apprentice training program *may* be considered to be necessary to the maintenance of the national health, safety, or interest when all of the following conditions exist [emphasis added]:
(1) The apprentice training program meets the standards and requirements prescribed by the Director of Selective Service based upon the *recommendations* of the Secretary of Labor.
(2) The program has been accepted by the Director of Selective Service for deferment purposes.

The basic requirement for such a deferment is that the registrant's employment be found "necessary to the maintenance of the national health, safety or interest."[2] A registrant's activity in an apprentice training program *may* be considered "necessary" if it meets these four conditions.

"(1) The apprentice training program meets the standards and requirements prescribed by the Director of Selective Service based upon the recommendations of the Secretary of Labor.

(2) The program has been accepted by the Director of Selective Service for deferment purposes.

(3) The registrant has satisfactorily completed in the program a minimum of training prescribed by the Director of Selective Service.

(4) The registrant is satisfactorily pursuing his training in the program and meeting the requirements, and standards of performance prescribed by the Director of Selective Service." 32 C.F.R. § 1622.23(b).

The record indicates conditions 1 and 2 were satisfied by appellant's apprentice training program in that it met the standards of, and had been accepted by, the Director of Selective Service; and conditions 3 and 4 were satisfied by complying with the requirements of § 1622.22a(f).[3]

Compliance with the conditions of §§ 1622.23(b) and 1622.23a established appellant's prima facie entitlement to a II–A classification. However, the regulation in effect at the time appellant applied for deferment,[4] § 1622.23(b), provided that:

"A registrant's activity as an apprentice in an apprentice training program *may* be considered to be necessary to the maintenance of the national health, safety, or interest . . ." [Emphasis added]

■ Thus, the granting of an apprenticeship deferment was discretionary with the local board, and the appeal board on review. The apprenticeship deferment is unlike most deferments, where the granting thereof is mandatory once the prima facie entitlement has been established. We discuss later and hold that it is the action of the appeal board that is controlling.

---

(3) The registrant has satisfactorily completed in the program a minimum amount of training prescribed by the Director of Selective Service.

(4) The registrant is satisfactorily pursuing his training in the program and meeting the requirements, and standards of performance prescribed by the Director of Selective Service.

1622.23a(e): Each State Director of Selective Service is authorized to accept for deferment purposes apprentice training programs within his State which are submitted to him by the sponsors of the programs when the programs meet the standards and requirements prescribed in paragraphs (b), (c), and (d) of this section.

1622.23a(f): Under the provisions of § 1622.23(b) (3) and (4) a registrant's activity as an apprentice in an apprentice training program may be considered to be necessary to the maintenance of the national health, safety or interest when all of the following conditions exist [emphasis added]:

(1) The program sponsor has submitted to the local board a request for the occupational deferment of the registrant accompanied by the certificate of the sponsor that (i) the apprentice training program has been accepted for the purpose of deferment by the State Director of Selective Service for the State within which the program is being operated or by the Director of Selective Service, and (ii) the registrant is meeting the conditions prescribed in subparagraph (2) of this paragraph.

(2) The registrant currently is meeting all the standards and requirements of the apprentice training program and is satisfactorily performing and progressing in his on-the-job training and related trade instruction.

2. 32 C.F.R. § 1622.23(b), supra, note 1.

3. See note 1, supra.

4. 32 C.F.R. § 1622.22(b) was amended by Executive Order on April 24, 1970. The amendment makes it mandatory that a registrant be placed in II–A classification when he satisfactorily pursues a full-time apprenticeship program.

Appellant contends that once a prima facie case has been established, any denial of the requested classification must be arbitrary, unless there is sufficient evidence in the record to satisfactorily rebut the prima facie case. He relies on cases which hold that a local board is acting arbitrarily when it declines to *re-open* a classification when a prima facie case has been established. Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970); Magaro v. Cassidy (5 Cir. 1970) 426 F.2d 137; and Petrie v. United States (9 Cir. 1969) 407 F.2d 267.

In our case, the local board reopened appellant's classification and reclassified him I–A. The cases cited above are inapposite. The question is: Was there a basis in fact for the classification? Or phrased differently: Was there arbitrary action in denying the reclassification once the prima facie case was established?

If an apprentice deferment was mandatory, once a prima facie case was established, then any denial would be arbitrary. But the granting of an occupational deferment to apprentices is discretionary with the local board, not mandatory. The local and appeal boards are left with the final decision of determining whether or not a registrant's participation in a particular apprentice training program is "necessary to the maintenance of the national health, safety or interest."

The responsibility of this court is not to determine if the local and appeal boards were correct in denying appellant's requested classification. Rather we must only concern ourselves with whether or not there was a basis in fact for the denial. de Rozario v. Commanding Officer, Armed Forces Examining and Induction Station (9 Cir. 1967) 390 F.2d 532.

## III. *Failure to State Reasons.*

Appellant requests this court to reverse his conviction because the local and appeal boards failed to state their reasons for denying his reclassification.

He relies upon our decision in United States v. Haughton (9 Cir. 1969) 413 F. 2d 736. In *Haughton* there were a number of bases the local board could have used for denying his request for conscientious objector status. The purpose of having the local board state its reasons is to enable the reviewing court to determine if the registrant had been properly denied his request. *Id.* at 743.

In two recent cases we reversed convictions of conscientious objectors because the local board failed to state the reasons for denial of their claims. United States v. Cordero (9 Cir. 1971) 439 F.2d 716; United States v. Prichard (9 Cir. 1970) 436 F.2d 716.

United States v. Kember (9 Cir. 1970) 437 F.2d 534, held that since an appeal board reviews the case *de novo*, it is the appeal board's action which concerns us, and not the action of the local board. See also, United States v. Verbeek (9 Cir. 1970) 423 F.2d 667, 668. *Kember* applied the *Haughton* holding to appeal boards and held generally that appeal boards must state their reasons for their action.

However *Kember* provided an exception to *Haughton* and held that although the appeal board did not state its reasons, a judgment of conviction will be affirmed, where "the appeal board's reasons can be determined from the agency record with reasonable certainty," *Kember* 437 F.2d p. 536.

*Kember* also distinguished the holding of United States v. Atherton (9 Cir. 1970) 430 F.2d 741, to the effect that "where the record establishes that the local board may have applied an illegal standard or otherwise proceeded in an unlawful manner, the complete agency record must be such as to exclude the possibility that the appeal board fell into the same error." *Kember* note 2, 437 F. 2d p. 536. This court in *Kember* found no basis for determining the local board may have applied an illegal standard. There is nothing in our record to indicate any illegal standard was applied by the local board.

*Haughton,* supra, and Clay v. United States, 403 U.S. 698, 91 S.Ct. 2068, 29 L.Ed.2d 810 (1971) were cases involving the question as to whether a claim as a conscientious objector should have been allowed. Since every conscientious objector case will involve various possible bases for the denial of the claim, the cases do not contribute too much help when applied to the facts of our case. In *Haughton,* in order for the local board to classify the registrant as a conscientious objector it was required to apply three tests. First, was he conscientiously opposed to war in any form? Secondly, was his opposition to war based upon religious training and belief or its equivalent? And third, was he sincere in his objection? If the local board finds the registrant deficient in one or more of these areas they must deny the request, otherwise it must be granted. The registrant must present enough evidence to the local board so as to satisfy them as to each of the three tests. Once the registrant has made his showing then it is incumbent upon the local board to point out which, if any, tests he has failed. This being done, the decision can be properly reviewed by the courts.

In Clay v. United States, supra, the registrant was denied a conscientious objector classification without the local board stating reasons. Applying the same three tests to the registrant's record, the Court determined it would have been improper to deny reclassification based upon two of the three tests. Therefore, since the Court did not know which of the tests the denial was based upon, it reversed the conviction.

*Haughton* and *Clay* are typical conscientious objector cases. But because of the multiple alternatives which faced the boards in those cases, they are not authority for the proposition that in *every* case, a reason must be stated. Neither *Haughton* nor *Clay* held that the local board must state its reasons for the denial in every instance.

█ Where the reason for a board's action "can be determined from the agency record with reasonable certainty," *Kember,* 437 F.2d p. 536, no express reason need be stated.

█ Here, once appellant established his prima facie case, the local board and the appeal board on review were faced with only one question—Was the participation of the registrant in the apprentice carpenter training program necessary to the maintenance of the national health, safety or interest; or was it not? Under the regulations the appeal board could exercise its discretion. Thus it follows that the decision reached was that appellant's participation did not satisfy this standard.

We hold that where the applicable regulations used the word "may" and where the issue was whether the particular apprenticeship program was "necessary to the maintenance of the national health, safety or interest," we can ascertain with reasonable certainty from the record the reason for the appeal board's action.

Judgment affirmed.