**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**David Bruce ALLEN, Defendant-**
**Appellant.**

**No. 71-2764.**

United States Court of Appeals,
Ninth Circuit.

May 15, 1972.

Bruce Silverman, San Francisco, Cal. (argued), for defendant-appellant.

James F. Cooney, Jr., Asst. U. S. Atty. (argued), James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before BROWNING and GOODWIN, Circuit Judges, and LUCAS, District Judge.*

ALFRED T. GOODWIN, Judge:

David Bruce Allen appeals from his conviction for willful refusal to submit to induction into the Armed Forces. 50 U.S.C. App. § 462(a). He argues that his induction order was invalid because the local board wrongfully refused to reopen his I–A classification in the face of a prima facie claim for a hardship deferment. We agree, and therefore, reverse.

After being classified I–A on July 25, 1969, Allen, then a student at San Jose State College in California, sent a doctor's certificate to his local board indicating that his wife was pregnant and was due to give birth on February 15, 1970. On January 20, 1970, Allen returned a Dependency Questionnaire (SSS Form 118) to the board, repeating that his wife was pregnant, and adding that she had been forced to quit her job in December, 1969. Allen also said that he was seeking employment and that neither he nor his wife could expect financial support from others.

The board, on February 12, 1970, declined to reopen Allen's classification and, on April 17, 1970, ordered him to report for induction. After a series of delays unrelated to the issues in this appeal, Allen refused induction and was convicted. The only substantial question is whether Allen's January 20, 1970, communication was sufficient to present a prima facie claim for reclassification.

A local board's decision not to reopen a classification differs substan-

---

* The Honorable Malcolm M. Lucas, United States District Judge for the Central District of California, sitting by designation.

tially from a decision, after reopening, not to reclassify. A decision not to re-open is not subject to administrative review. United States ex rel. Miller v. Eberhardt, 324 F.Supp. 961 (N.D.Ga. 1971). A decision after reopening carries with it a right to a personal appearance and to an appeal. 32 C.F.R. § 1625.11; Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970).

■ Because the rights to a personal appearance and to an administrative appeal are crucial to the fairness of the process, Mulloy v. United States, *supra*, the board may not, by arbitrarily refusing to reopen, deny those rights to a registrant. Petrie v. United States, 407 F.2d 267 (9th Cir. 1969); United States v. Turner, 421 F.2d 1251 (3d Cir. 1970). Rather, where the board is presented with a prima facie claim for reclassification, the board *must* reopen, thereby preserving the registrant's right to a personal appearance, a substantive evaluation of the merits of his claim, and an appeal. Mulloy v. United States, supra.

■ A prima facie claim for reclassification is presented whenever the board is offered facts not previously considered which, if true, would be sufficient under regulation or statute to warrant granting the requested classification. Mulloy v. United States, *supra*; United States v. Burlich, 257 F.Supp. 906 (S.D. N.Y.1966).

■ A prima facie claim, then, does not demand that the registrant present facts which, if true, would *require* reclassification. Miller v. United States, 388 F.2d 973, 976 (9th Cir. 1967); United States ex rel. Vaccarino v. Officer of Day, 305 F.Supp. 732, 735 (S.D. N.Y.1969). Rather, a prima facie claim is presented when new, nonfrivolous facts are alleged which, if true, would *justify* the board in changing the registrant's classification. Petrie v. United States, *supra*; United States v. Long-

worth, 269 F.Supp. 971, 974 (S.D.Ohio 1967).

■ Thus, where the new facts presented could offer the board a basis in fact for reclassifying the registrant, the board must reopen even though, after an evaluation of all the evidence, the board might quite properly find against the registrant. Petrie v. United States; Miller v. United States; United States v. Longworth; all *supra*.

In light of this analysis, Allen presented the board with a prima facie claim for a hardship deferment unless the fact that he was unemployed on the date of his application is fatal to his claim as a matter of law.

The pertinent regulation, 32 C.F.R. § 1622.30(a), provides, in part, that a registrant shall be placed in class III-A when his induction into the armed forces would result in extreme hardship to his wife or child. The term "child" in this section includes a pregnancy. 32 C.F.R. § 1622.30(b).

Allen stated that he had recently graduated from college, that he was seeking employment, and that, because his pregnant wife could no longer work, he would have to work or seek welfare assistance. Such facts, if true, could have afforded the board a basis in fact for concluding that Allen's pending induction would create extreme hardship for his dependents, thus justifying a III-A classification. *See, e. g.,* United States v. Foster, 439 F.2d 29 (9th Cir. 1971); United States v. Longworth, *supra*.

Some courts have suggested that in order to make out a prima facie claim for a III-A deferment a registrant must, at the time he makes his claim, present proof that he is making a substantial financial contribution to his dependents. United States v. Burlich, *supra*; Winfield v. Riebel, 438 F.2d 271, 278 (6th Cir. 1970). However, 32 C.F. R. § 1622.30(a) indicates that the board is to look to the registrant's status as of

the time he is likely to be inducted rather than as of the time he returns his dependency questionnaire.

█ While a registrant who is substantially supporting his dependents at the time he files his III–A claim is likely to continue to support them, there may well be other factual circumstances suggesting that a registrant's family will suffer extreme hardship as a result of the registrant's induction. Since the purpose of the hardship deferment is to protect the registrant's dependents from undue financial deprivation, United States v. Longworth, 269 F.Supp. at 975, neither the board nor the courts should close the door to an evaluation of each nonfrivolous claim on its merits.

█ Therefore, where the registrant alleges that he is seeking employment and that his earnings will be the primary means of support for his dependents, the registrant has presented facts which at least raise a question whether his prospective induction will cause his family extreme hardship. In such a case, the board must reopen the registrant's classification in order to evaluate his claim. The board is, of course, free to compare known schedules of military pay and allowances with prospective civilian earnings, but the board may not engage in such a substantive evaluation without first reopening. Mulloy v. United States, *supra*; Miller v. United States, *supra*.

█ We hold that Allen had presented a prima facie claim for a hardship deferment, and that the local board denied him a valuable right when it refused to reopen his classification. The board's induction order was, therefore invalid. Mulloy v. United States, *supra*. We express no opinion upon the merits of any hardship claim Allen may tender during such further proceedings as may be initiated under appropriate Selective Service laws and regulations.

Reversed.