**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**William Lovett JAMISON, Defendant-**
**Appellant.**

**No. 71-2455.**

United States Court of Appeals,
Ninth Circuit.

June 23, 1972.

Jerry E. Berg (argued), of Collins, Hays, Stewart, Berg, Pott & Sanford, San Jose, Cal., for defendant-appellant.

John F. Cooney, Asst. U. S. Atty. (argued), F. Steele Langford, Joseph E. Reeves, Asst. U. S. Attys., James Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before MERRILL, BROWNING, and KILKENNY, Circuit Judges.

PER CURIAM:

Jamison appeals from a conviction for failure to submit to induction into the armed forces. 50 U.S.C. App. § 462. We consider only one of his many specifications of error, namely, that both the local board and the state appeal board denied his prima facie claim for exemption as a conscientious objector without stating their reasons. We agree, and reverse.

■ The law is clear. If a registrant states a prima facie claim for statutory exemption, the local board must give its reasons for denying the claim. United States v. Haughton, 413 F.2d 736, 739 (9th Cir. 1969). And if the record indicates that the local board may have denied the requested classification for an improper reason, the error is not cured by reclassification on appeal unless the appeal board indicates that it applied the correct standard. United States v. Atherton, 430 F.2d 741, 744–745 (9th Cir. 1970). *See also* Clay v. United States, 403 U.S. 698, 705, 91 S.Ct. 2068, 29 L.Ed.2d 810 (1971).

■ Jamison stated a prima facie conscientious objector claim. *See* Clay v. United States, *supra,* 403 U.S. at 700, 91 S.Ct. 2068. A number of passages in his presentation indicated conscientious opposition to war in any form. He wrote, for example, "I will remain under the law unless ordered to kill or destroy others, either by my action or inaction (e. g., ordered to join the military). . . . I cannot allow myself to be used in the destruction of others." His lengthy discussion of the origin of his views would support the conclusion that his opposition stemmed from "moral, ethical, or religious beliefs . . . held with the strength of traditional religious convictions." Welsh v. United States, 398 U.S. 333, 340, 90 S.Ct. 1792, 1796, 26 L.Ed.2d 308 (1970). The sincerity of appellant's beliefs is not contested.

It is true that appellant stressed his opposition to the Vietnam war in particular, and he is quoted as having declined to say what he would have done with regard to other wars, stating that he "did not know about any other war so could not say what he might have done."

The district court concluded that this element in appellant's application gave the local and state boards a "basis in fact" for rejecting the requested classification. This may be true, but it is irrelevant to the issue at hand.

■ As we have said, if a prima facie claim is presented, the board is required to state its reasons for rejecting the claim. A prima facie claim is one that would "warrant granting the requested classification." Mulloy v. United States, 398 U.S. 410, 416, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970). It need not be such as to *"require* reclassification." United States v. Allen, 459 F.2d 563, 565 (9th Cir. 1972). If the facts "would *justify* the board in changing the registrant's classification," a prima facie case has been presented, "even though, after an evaluation of all the evidence, the board might quite properly find against the registrant." *Id.,* 459 F.2d at 565. *See* Petrie v. United States, 407 F.2d 267, 275 (9th Cir. 1969).

The reason for the rule requiring the local board to state its reasons for rejecting such a claim is illustrated by this case. A letter from the secretary of the local board to state headquarters strongly suggests that the local board may have rejected appellant's claim on the ground that his objection to war was not based on "religious belief." In view of the contents of appellant's application, rejection on this ground would have been unjustified in light of Welsh v. United States, *supra,* 398 U.S. 333, 90 S.Ct. 1792, and United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965). Since a prima facie claim was presented, the board might have granted the requested classification if this error had not occurred, assuming it in fact occurred. Thus, the local board's silence may have concealed an error affecting appellant's substantial rights. See United States v. Garcia Cordero, 439 F.2d 716 (9th Cir. 1971); United States v. Prichard, 436 F.2d 716, 718 (9th Cir. 1970); United States v. Callison, 433 F.2d 1024, 1026 (9th Cir. 1970); United States v. Atherton, *supra,* 430 F.2d 741. *Cf.* United States v. Marcovich, 454 F.2d 138 at 141–142 (9th Cir. 1972); United States v. Kember, 437 F.2d 534, 536 (9th Cir. 1970).

Reversed.