UNITED STATES of America,
Plaintiff-Appellee,

v.

Harry La Verne TIMMINS, II,
Defendant-Appellant.

No. 72–1351.

United States Court of Appeals,
Ninth Circuit.

July 7, 1972.

Francis Heisler (argued), of Heisler & Stewart, Carmel, Cal., for defendant-appellant.

Robert E. Carey, Jr., Asst. U. S. Atty. (argued), John Link, Chester G. Moore, III, Asst. U. S. Attys., James L. Browning, U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before HAMLEY and BROWNING, Circuit Judges, and FERGUSON,* District Judge.

FERGUSON, District Judge:

Appellant appeals from his conviction for refusing to submit to induction into the Armed Forces. We reverse.

On August 11, 1969, appellant registered with his local board and thereafter returned his completed Classification Questionnaire, Form 100, wherein he signed Series VIII claiming to be a conscientious objector. On October 24, 1969, Form 150, Special Form for Conscientious Objector, was mailed to him. He wrote the board on November 4, 1969, that he could not fill out the form because he had not had much "formal religious training", but nevertheless claimed to be a conscientious objector on moral and religious grounds. On November 25, 1969, the board wrote appellant, stating succinctly, "the local board requests that you return [Form 150] completed or not immediately". This was not done. Thereafter, on February 2, 1970, appellant was classified I–A and was so notified.

On November 2, 1970, and again on November 4th, the local board received letters from appellant wherein he requested the "new" conscientious objector forms and indicated his willingness to fill them out and return them. On November 6, 1970, the board sent appellant Form 150 and stated that it was "the only Form For Conscientious Objectors that we have". On November 27, 1970, the local board received the uncompleted Form 150 back from appellant with a letter stating that this was the wrong form for his beliefs. "I need the moral form not the religious training one. So I'm sending it back to you in hopes you'll send me the right form." On November 30, 1970, the local board again tersely informed appellant that Form 150 was the only form Selective Service provided for filing a conscientious objector claim.

On December 8, 1970, the local board reviewed appellant's file and determined not to reopen the classification. Appellant was ordered to appear for induction on January 25, 1971. He so reported, but refused to submit to induction.

The testimony adduced at trial indicated that when appellant requested the "new" conscientious objector forms and the "moral form" he was under the impression, based upon newspaper articles, that there had been a change in the law which permitted moral beliefs to be considered for conscientious objector status. These newspaper articles were accounts of the Supreme Court decision in Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970), wherein the Court held that persons whose opposition to war was based upon moral or ethical beliefs could qualify as conscientious objectors.

This circuit has recognized that unconscionably misleading conduct by

* Honorable Warren J. Ferguson, United States District Judge, Central District of California, sitting by designation.

the local board may be raised as a valid defense in a criminal prosecution for refusal to submit to induction. United States v. Lansing, 424 F.2d 225 (9th Cir. 1970). To establish such a defense, the defendant must show that the local board conveyed false or misleading information to him and that he was in fact misled by the information or conduct of the board. Further, he must show that his reliance on the misleading information was reasonable in the sense that he was entitled to rely upon the information without making further inquiries of the board. United States v. Lowell, 437 F.2d 906 (9th Cir. 1971); United States v. Wroblewski, 432 F.2d 422 (9th Cir. 1970), cert. denied, 400 U.S. 997, 91 S.Ct. 473, 27 L.Ed.2d 447; United States v. Lansing, *supra.*

In this case there can be no doubt that appellant was misled by his local board. The board was fully aware that appellant had mistakenly interpreted Form 150 to require formal religious training as a prerequisite to a valid claim of conscientious objection, yet the board failed to take any steps whatever to help him correct his error. The terms "misleading conduct" and "misleading information", as used by this court in the context of selective service cases, are not limited in application to instances where a local board affirmatively conveys false or incorrect information. The terms are also meant to refer to circumstances where the local board, knowing full well that a registrant holds an erroneous impression of his rights or obligations in the selective service system, nevertheless fails to make any effort to correct the registrant's error or assist him in any way.

The classification of registrants is not an adversary proceeding between the local board and the registrant. United States v. Greene, 220 F.2d 792 (7th Cir. 1955). The registrant is not an antagonist, but rather is a young man dealing with his own government without the aid of counsel in an area of the law which can be extremely technical. He must be able to rely upon the local board to deal with him fairly and to offer him assistance when necessary. The selective service system can operate fairly only when the local board, before classifying a registrant, is fully advised of the relevant facts relating to the registrant's circumstances. The board must consider all evidence in the registrant's file. 32 C.F.R. § 1623.1(b); Mizrahi v. United States, 409 F.2d 1219 (9th Cir. 1969); United States v. Turner, 421 F.2d 1251 (3rd Cir. 1970). While the registrant himself necessarily bears primary responsibility for keeping the local board informed of his status, the local board has an obligation to insure that its determinations are based upon complete information, and that all of the registrant's rights are fully respected. To this end, the local board has a crucial responsibility to assist a registrant who shows himself lacking in ability to advance his claims and maintain his rights. United States v. Turner, *supra; see also*, United States v. Burns, 431 F.2d 1070 (10th Cir. 1970); United States v. Davis, 413 F.2d 148 (4th Cir. 1969); Powers v. Powers, 400 F.2d 438 (5th Cir. 1968).

In this case, the local board failed to meet that responsibility. On two separate occasions appellant wrote to his board that, while he believed himself to be a conscientious objector on moral and religious grounds, he felt he lacked the religious training apparently necessary to qualify as a conscientious objector, based on his reading of Form 150. Thus, fully informed of appellant's mistaken impressions, the board nevertheless failed in any way to assist him to correct his mistake and obtain the true facts regarding his conscientious objection. Instead, the board simply reiterated that Form 150 was the only form for conscientious objectors, and that appellant should complete and return the form. Having thus failed to correct an important misimpression of appellant, of which it was fully aware, the board prevented or discouraged appellant from fully developing his claim.

Appellant, in writing to the board about his moral objection to war, was not attempting to set forth facts upon which the board could value his sincerity, but was merely attempting to convince the board that Form 150 was not applicable to him.

It is necessary to determine whether appellant's reliance on the board's misleading conduct was reasonable in the sense that he was entitled to rely upon the information without making further inquiries. If his mistaken impressions were unreasonable, in that no reasonable person could have been misled by Form 150 and the board's conduct, or if he was put on notice to make further inquiries of the board for assistance in interpreting Form 150, his reliance on the misleading information was not justified and would not constitute a valid defense.

Appellant certainly met his obligation to seek the assistance of the board. Indeed, on two occasions he communicated his difficulty with Form 150. He told the board he did not have the "formal religious training" he thought was necessary to complete Form 150 and he asked for the "moral form". Therefore, the remaining question is whether appellant's mistaken interpretation of Form 150 was a reasonable one. Form 150 is drafted to elicit information on the registrant's "religious training and belief". That phrase appears prominently in nearly every section and in nearly every question. The registrant is required to state why he considers his beliefs to be based on "religious training and belief" and to state from what source he received "the religious training and acquired the religious belief which is the basis of [the conscientious objection] claim".

In law it is unfortunately the case that many words become terms of art. They acquire a meaning for the bar which is vastly different from their meaning to the layman. So it is with the phrase "religious training and belief". In United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965), and Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970), the Supreme Court set forth standards for determining whether a conscientious objector's beliefs are religious. The Court has made it clear that a conscientious objector's beliefs need not be confined in either source or content to traditional concepts of religion. What is necessary for a registrant's conscientious objection to all war to be religious is "that this opposition to war stem from the registrant's moral, ethical, or religious beliefs about what is right and wrong and that these beliefs be held with the strength of traditional religious convictions". Welsh v. United States, 398 U.S. at 340, 90 S.Ct. at 1796.

■ Thus, for purposes of conscientious objector claims, the law recognizes moral and ethical beliefs as religious beliefs. This fact does not appear anywhere on Form 150, although the registrant is there told what the term religious does not include. It does not include "essentially political, sociological, or philosophical views, or a merely personal moral code". In view of the great disparity between the legal definition and the lay definition of the term religious, we must conclude that appellant's interpretation of the form, that is, that it precluded him from asserting his moral and ethical beliefs, was reasonable. We do not assert that the form is misleading. See United States v. Yoha, 445 F.2d 816 (9th Cir. 1971), where this court held that it is not. See also, United States v. Brunges, 450 F.2d 947 (9th Cir. 1971). We hold that appellant's interpretation by reason of the conduct of the local board was reasonable.

In summary, we conclude that the local board misled appellant into believing that formal religious training was a prerequisite to a valid claim of conscientious objection, and that he was justified in so relying upon the board. Having been denied that due process which the law requires, appellant's order to report for induction was invalid and his conviction is reversed.