UNITED STATES of America,
Plaintiff-Appellee,

v.

Craig Walter HIRT, Defendant-Appellant.

No. 72-1567.

United States Court of Appeals,
Ninth Circuit.

Aug. 15, 1972.

Francis Heisler (argued), Charles A. Stewart, Richard M. Silver, William B. Daniels, Carmel, Cal., of counsel; Heisler & Stewart, Carmel, Cal., for appellant.

Joseph E. Reeves, Asst. U. S. Atty. (argued), John Link, Asst. U. S. Atty., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for appellee.

Before LUMBARD,* MERRILL and KILKENNY, Circuit Judges.

PER CURIAM:

Craig Walter Hirt appeals from his conviction in December, 1971, after trial before Judge Zirpoli, sitting without a jury, for failure to submit to induction on or about August 12, 1970, following his classification as a conscientious objector willing to serve in the Armed Forces as a non-combatant, class I–AO.

* Honorable J. Edward Lumbard, Senior United States Circuit Judge, Second Circuit, sitting by designation.

Sentence was suspended and Hirt was placed on probation for four years on condition that he perform work of national importance for 24 consecutive months.

After Hirt was found physically qualified, and notice to report for induction on June 24, 1970 had been mailed to him, Hirt submitted, on June 23, 1970, a written claim for change of classification from I–AO to I–O, which would have entailed service outside the Armed Forces. The Board reviewed the case but did not reopen his classification and he was directed to appear for induction on August 12, 1970.

The only claims of error which merit mention are that the local board should have reopened Hirt's classification upon the filing of his claim for change of classification, and the failure of the state director to review this belated claim. We find no error and affirm the conviction.

In support of his claim for conscientious objector status and I–AO classification, on February 6, 1970 Hirt filed a lengthy statement of his personal beliefs which he entitled "Naturalism." In answer to whether his religious training and belief restricted him from ministering to the sick and injured, or from serving in the Armed Forces as a noncombatant without weapons, he wrote: "My religion would not prevent me from administering to combat wounded. However, I would not be able to work at most clerical or related jobs within the Armed Forces. There is little difference in firing a gun and typing out orders for that gun to be fired."

■ Hirt requested the opportunity to appear before the Board and he was heard on April 6, 1970. He conceded his beliefs were his own and that he did not have any religious beliefs. In any event the Board thereupon classified him I–AO, as he had requested. There is no support in the record for Hirt's assertion that the Board misled him as to his

rights at that time or at any time. As Judge Zirpoli said, in denying the appellant's motion for acquittal: "The defendant received what he asked for; the board was under no duty to suggest to him that he might also qualify for a I–O classification."

On June 23, 1970, the day before he was to appear for induction, Hirt appeared at the Board and handed in a two-page written statement which summarized the views he had previously expressed, apparently for the purpose of avoiding service in the Armed Forces.[1] Accordingly, his induction was postponed so that the local board could review the statement Hirt had submitted. On July 7 the Board wrote Hirt that it had considered the information he had submitted and that it was of the opinion that reclassification was not warranted. Subsequently, Hirt was ordered to report for induction on August 12, 1970, at which time he appeared and refused to step forward. The indictment was not found until June 24, 1971.

Hirt's belated submission and claim of June 23, 1970 added no new facts of any substance and did not require any change in his classification. Indeed, at trial, Hirt conceded that he had never submitted an application for I–O classification. The Board gave the claim all the consideration to which it was entitled. Nothing that the Board did is in any way inconsistent with Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971). In fact, under *Ehlert*, it would have been proper to disregard entirely any claim of this sort submitted after the order to report for induction had issued.

■ Hirt claims he was deprived of due process of law because the local board failed to forward the "cover sheet" in his file to the State Director of Selective Services for "review and a determination as to whether the registrant shall be reported to the United States Attorney for prosecution," as provided by Local Memorandum No. 14,

---

1. I–AO is objection to combatant service only; I–O is objection to all military service.

as amended March 17, 1969. We do not agree.

There is no mention of any such referral in the statute. The applicable regulation 1642.41 states categorically in (a): that "Every registrant who fails to comply with an Order to Report for Induction . . . shall be reported promptly to the United States Attorney. . . ." except that in cases where the Board thinks that compliance may be secured it may delay the mailing of the report "for a period not in excess of 30 days." No mention is made of any review by the State Director or any review whatever.

The Local Board Memorandum, having lesser stature than the Regulation, and being in conflict with the Regulation, could in no sense be construed to require the local board to submit the case to the State Director before referring it to the United States Attorney. Cf. United States v. Kohls, 9 Cir., 441 F.2d 1076, 1078–1079. The Memorandum is nothing more than a housekeeping measure within the Selective Service system. Memorandum 14 was not intended to give any protection or any right to the registrant; at best, it was designed to keep the Service informed about certain cases ripe for prosecution.

Nothing that Selective Service could do by regulation, memoranda to the local boards or otherwise could create a preliminary requirement of review so that failure to have the case reviewed by the State Director could vitiate the indictment of a grand jury.

The statute itself, 50 U.S.C. App. § 462(c) contemplated speedy action, uncomplicated by any review procedure, when it provided that "The Department of Justice shall proceed as expeditiously as possible with a prosecution under this section . . . upon the request of the Director of Selective Service System or shall advise the House of Representatives and the Senate in writing the reasons for its failure to do so." This was implemented by Regulation 1642.41, above quoted, which required cases such

as this to be reported promptly to the United States Attorney.

In any event, appellant suggests no reason to believe that the State Director would have taken any action other than referring the case for prosecution had it first been referred to him.

Hirt's claim that the Selective Service Act is unconstitutional is foreclosed by Harris v. United States, 412 F.2d 384 (9 Cir. 1969) and United States v. Thomason, 444 F.2d 1094 (9 Cir. 1971).

Judgment affirmed; the mandate shall issue forthwith.