UNITED STATES of America,
Plaintiff-Appellee,

v.

William Allen SANDERS, Defendant-
Appellant.

No. 72–2157.

United States Court of Appeals,
Ninth Circuit.

Dec. 4, 1972.

Jerry E. Berg (argued), Palo Alto, Cal., for defendant-appellant.

Chester G. Moore, III, Asst. U. S. Atty. (argued), James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before HUFSTEDLER and TRASK, Circuit Judges, and ANDERSON,* District Judge.

PER CURIAM:

William A. Sanders appeals from a judgment of conviction for violation of 50 U.S.C. App. § 462(a), refusal to submit to induction. We reverse.

On August 14, 1969, appellant registered with his local board and thereafter returned his completed Classification Questionnaire, Form 100, in which he

---

* Honorable J. Blaine Anderson, United States District Judge for the District of Idaho, sitting by designation.

signed Series VIII claiming to be a conscientious objector. On November 10, 1969, Form 150, Special Form for Conscientious Objector, was mailed to him along with a cover letter which stated that "If Series VIII was completed in error and you wish to withdraw your claim of conscientious objection, submit a written statement to that effect, signed by you . . . ." Appellant returned the form uncompleted, with the following letter:

"Although I did not mistakenly sign Series VIII, Page 4, I must return the form uncompleted. This does not mean that I do not conscientiously object to war, for I do both morally and conscientiously. I am against all war and its related activities.

"I could probably have filled out the form and had references sign it, but, the church I attend does not teach against participating in a war in which ones country is taking part. I am sure my objections have arisen because of my association with the church but in all honesty I could not fill out the form. So I withdraw my claim of conscientious objector under the standard set up by the Selective Service System, but not my own."

On January 15, 1970, the local board reviewed appellant's file and classified him I-A. After an unsuccessful attempt to obtain a student deferment, appellant received his induction notice on December 22, 1970. Appellant's father then convinced him to seek counseling from the San Jose Peace Center, where the suggestion was made that Sanders complete a conscientious objector form. This form was completed and submitted, the local board held a post-induction review, found no change in status, and ordered appellant to report for induction on March 24, 1971. Appellant completed his processing, but refused to be inducted.

■ The facts in this case are very similar to those presented in United States v. Timmins, 464 F.2d 385 (9th Cir. 1972). There, appellant wrote to his board on two occasions that, while he believed himself to be a conscientious objector on moral and religious grounds, he felt he lacked the religious training apparently necessary to qualify as a conscientious objector, based on his reading of Form 150. Here, appellant wrote to his board on only one occasion prior to receiving his induction notice. In *Timmins*, the court concluded that the appellant had been denied due process because the local board had misled the appellant into believing that formal religious training was a prerequisite to a valid claim of conscientious objection. The misleading conduct on the part of the local board was that once the board was "fully informed of appellant's mistaken impressions, the board nevertheless failed in any way to assist him to correct his mistake and obtain the true facts regarding his conscientious objection." 464 F.2d at 387. The only difference in the action of the local board in the present case is that there was no request by the board for completion of Form 150.

The fact that Sanders wrote only once to the local board and that there was no reiteration by the board that Form 150 was the only form for conscientious objectors are not facts upon which the cases can or should be distinguished. Appellant here met his obligation to seek assistance of the board, and the local board failed to correct an important misimpression of appellant, of which it was made fully aware. Appellant having set forth his interpretation of Form 150, and the local board having failed to meet its responsibility to assist a registrant who shows himself lacking in ability to advance his claims because of evident misunderstanding, we find that appellant's interpretation of Form 150 was a reasonable one, for the reasons stated in *Timmins*, and thus the misleading conduct by the local board is a valid defense in Sanders' prosecution for refusal to submit to induction. It appears that the local board was ready to assist the registrant if he had made an error in signing the Series VIII exemption, but was not quite so ready to assist if an error

was made in the interpretation of a form so as to render a registrant ineligible for an exemption.

Appellee contends that Sanders had never stated a prima facie claim which the board was required to consider under 32 C.F.R. § 1625.2, and Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970), and a denial of which claim requires reasons for the denial. United States v. Jamison, 463 F.2d 1219 (9th Cir. 1972). Further, appellee contends that if a claim was asserted, appellant's letter was an effective withdrawal of the claim.

 Appellee's contention of no prima facie claim is directly contrary to the language of Local Board Memorandum No. 41 [1] which states:

"2. What Constitutes a Claim of Conscientious Objection.—A registrant should be considered to have claimed conscientious objection to war if he has signed Series VIII of the Classification Questionnaire . . . . "

Further, the local board in its letter accompanying Form 150 suggested that appellant might waive his "claim of conscientious objection," so the board must have considered a claim to have been stated by the appellant.[2] Therefore, either the failure to consider the claim, or the lack of reasons for denying the claim amount to a denial of due process, Mulloy v. United States, supra; United States v. Jamison, supra, unless there was an effective withdrawal of the claim.

██ It is clear from the statements in appellant's letter to the board that he was attempting to explain why Form 150 was not applicable to him, and that he was not voluntarily waiving a known right.[3] Although appellant did state he was withdrawing his claim, this withdrawal was only from the standard which he had been misled to believe required formal church teaching. Misleading conduct may consist of failure to correct an evident misunderstanding as well as to affirmatively convey incorrect information. United States v. Timmins, 464 F.2d at 387. Appellant clearly stated that his letter did not mean that he did not conscientiously object to war, and he stated that his beliefs arose because of association with the church. Appellant also stated that he morally objected to war, and for purposes of conscientious objector claims, the law recognizes moral and ethical beliefs as religious beliefs. Welsh v. United States, 398 U.S. 333, 340, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970); United States v. Timmins, 464 F.2d at 388. Although perhaps unintentionally, nevertheless equally effectively, appellant was denied rights which were constitutionally his. As a result, the order for induction was invalid and this judgment of conviction must be reversed.

Judgment reversed.

---

1. Issued: November 30, 1951, amended, July 30, 1968.
 Rescinded: August 27, 1970.
 Although only a "housekeeping measure," United States v. Hirt, 465 F.2d 177, 179 (9th Cir. 1972), Local Board Memorandum No. 41 was not inconsistent with any regulation and stated the view of the Selective Service System for guidance of local boards.

2. In light of this finding of a prima facie claim, it is not necessary to discuss whether appellant's letter itself constituted a prima facie claim. See United States v. Daniel, 462 F.2d 349 (9th Cir. 1972).

3. Local Board Memorandum No. 41, supra, states:
 "5. When Claim Should Not Be Considered Withdrawn.—
 "(a) A claim of conscientious objection should not be considered to have been withdrawn even though the registrant has filed a written withdrawal of his claim if it appears that the withdrawal was not a voluntary act on the part of the registrant or that the withdrawal was induced or procured by a representative of the Selective Service System or any Government official . . . . "