**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Clyde Lee DAUGHERTY, Jr.,**
**Defendant-Appellant.**

No. 72-2898.

United States Court of Appeals,
Ninth Circuit.

April 3, 1973.

Rehearing Denied May 31, 1973.

Martin Henner (argued), Palo Alto, Cal., for defendant-appellant.

Joseph E. Reeves, Asst. U. S. Atty. (argued), James L. Browning, U. S. Atty., Chester G. Moore, III, F. Steele Langford, Asst. U. S. Attys., Criminal Division, San Francisco, Cal., for plaintiff-appellee.

Before WRIGHT and WALLACE, Circuit Judges, and KELLEHER,* District Judge.

PER CURIAM:

Daugherty appeals from his conviction, after trial by the Court, of failing to report for induction in violation of 50 U.S.C., App. § 462(a). Each of appellant's arguments has been considered. Only the contention that appellant was "passively misled" by his draft board deserves discussion. For the reasons indicated below we find it without merit and we affirm the judgment.

On February 26, 1971, an order to report for induction on March 24, 1971, at Oakland, California, was mailed by the board to appellant at his address of record in the Oakland area. Because he had moved to Hawaii, the order to report for induction was not received by him until March 7, 1971. On March 9, 1971, appellant wrote a letter to his local board, which was received by the Oakland board on March 15, 1971, stating that he was unable to report as ordered for induction as he was in Hawaii and did not have the money necessary to fly to Oakland, and requesting that his registration be transferred to Hawaii.

On March 22, 1971, the local board replied by letter to appellant's request informing him that his registration could not be transferred but that he could arrange to transfer his induction to Hawaii by reporting to a Hawaii local board. However, this letter was not received by appellant until March 25, 1971, the day after appellant's induction date.

Appellant asserts that the local board's delay in responding to his request for transfer of his registration, which indicated his misunderstanding of the law, amounts to no response since the letter was received after appellant's induction date.

* Honorable Robert J. Kelleher, United States District Judge, Central District of California, sitting by designation.

On this basis appellant invokes United States v. Timmins, 464 F.2d 385 (9th Cir. 1972), for its holding that passively misleading conduct by a local Selective Service Board reasonably relied upon by a registrant may serve as a defense to a criminal charge of refusing to report for induction. Appellant's reliance on *Timmins* is misplaced.

Even if we assume passively misleading conduct on the part of the board, as to which there is some doubt on this record, appellant's reliance upon that conduct is unreasonable. Appellant testified that he read the instructions contained on his order to report for induction. Appellant knew therefrom of his right and duty to go immediately to any local board and make a written request of transfer of his induction if he was unable to comply with the order to report for induction in Oakland. He had adequate time between March 9th and 24th to do so.

On the entire record, the trial court had ample evidence on which to reject appellant's contention and to find him guilty.

Affirmed.