**34**

UNITED STATES of America,
Plaintiff,

v.

Elroy Joseph MORRIS, Defendant.
No. 72–CR–174.

United States District Court,
E. D. Wisconsin.

May 6, 1975.

David J. Cannon, U. S. Atty., by D. Jeffrey Hirschberg, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Harry F. Peck, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

At the court trial of the defendant Elroy Joseph Morris for his refusal of induction into the Armed Forces in violation of the Selective Service Law, Title 50 Appendix, United States Code § 462, defendant moved for a judgment of acquittal. The matter was taken under advisement, and I now conclude that defendant's motion for acquittal must be granted.

The stipulated facts before the Court indicate that on October 6, 1971, the local board received from the defendant, who was at that time classified 1–A, a request for the special form for conscientious objectors (SSS Form 150). The form was mailed to Morris on October 8,

1971. The form advised defendant that he should complete it and return it within thirty days. On October 29, 1971, prior to the expiration of the thirty days for the filing of the SSS Form No. 150, the local board mailed Morris an order to report for induction (SSS Form 252), directing him to report on December 2, 1971. Morris believed that this action on the board's behalf terminated his right to file for conscientious objector status, and, consequently, he took no further action with respect to the conscientious objector form. Morris failed to report on December 2, 1971, as ordered.

The issue in this case is whether an induction order issued within thirty days of the mailing of a conscientious objector form to the same registrant is valid. The defendant contends that his induction order was invalid because his local board misled him into failing to exercise his rights under the Act.

██ Misleading conduct by the local board may be raised as a valid defense for refusal to submit to induction. United States v. Timmins, 464 F.2d 385 (9th Cir. 1972); United States v. Fisher, 442 F.2d 109 (7th Cir. 1971); United States v. Burns, 431 F.2d 1070 (10th Cir. 1970). In order to establish the defense, defendant must show (1) that the board conveyed misleading information to him, (2) that he was in fact misled by the information or conduct of the board, and (3) that his reliance on the misleading information was reasonable. United States v. Timmins, 464 F.2d 385 (9th Cir. 1972).

██ In this case, when the board sent the defendant the special form for conscientious objectors, it was conveying misleading information to the defendant. The form itself indicated that Morris could take up to thirty days to complete it. This information proved to be untrue. Before the thirty days elapsed, the board sent him an order to report for induction, effectively terminating his right to file for conscientious objector status. Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625

(1971). Consequently, Morris did not have thirty days to complete the form as he was told by the board.

The unrebutted testimony given by the defendant at trial conclusively establishes that the board's conduct misled him into not exercising his right to apply for conscientious objector status. The record reflects that defendant believed the induction order terminated his right to apply for conscientious objector status.

██ Finally, defendant's reliance on the availability of the thirty-day period was reasonable. He had been officially assured by the board on a form which constitutes a Selective Service Regulation, 32 C.F.R. § 1606.51, that he had thirty days to complete it. The totality of the board's conduct had the effect of misleading Morris so that he never filed a conscientious objector claim at all. Thus, by actively misleading the defendant, the local board precluded him from availing himself of a vital statutory right. Consequently, acquittal is required.

For the foregoing reasons,

It is ordered that defendant's motion for acquittal be and it hereby is granted.