967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America Plaintiff-Appellee,
v.
Maria Luisa SOLIS-CANTU, Defendant-Appellant.
 No. 91-30274.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1992.*
Decided June 1, 1992.
As Amended on Denial of Rehearing and Rehearing
En Banc Aug. 21, 1992.
 
 1
 Before WALLACE, Chief Judge, GOODWIN, Circuit Judge, and CROCKER**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 The appellant, Maria Solis-Cantu, challenges jury instructions which stated that in order to defend her actions under an entrapment by estoppel doctrine, Ms. Solis-Cantu must convince the jury that she reasonably believed she was not violating the law.
 
 
 4
 Ms. Solis-Cantu defended her indictment for possession with intent to distribute cocaine on the ground that she believed the buyer was a government agent and therefore believed she was legally assisting the government. She contended that only a subjective belief was required under the entrapment by estoppel doctrine. However, the district court instructed the jury that entrapment by estoppel requires a reasonable belief:
 
 
 5
 Ms. Cantu has the burden of proof to establish that she was misled by the statements of [the government agent] into believing that her conduct was not unlawful. If she convinces you that [the government agent] misled her and that she was reasonable in believing him, then the government must negate, beyond a reasonable doubt, that she believed she was assisting the government. If the government fails to so prove, your verdict should be for Ms. Cantu.
 
 
 6
 The jury convicted Ms. Solis-Cantu on five counts of possession with intent to distribute.
 
 
 7
 The adequacy of the trial court's jury instructions is reviewed de novo. United States v. Mason, 902 F.2d 1434, 1438 (9th Cir.1990).
 
 
 8
 An entrapment by estoppel defense applies "when an official tells the defendant that certain conduct is legal and the defendant believes the official". United States v. Tallmadge, 829 F.2d 767, 773 (9th Cir.1987) (quoting United States v. Hsieh Mei Chen, 754 F.2d 817, 825 (9th Cir.), cert. denied, 471 U.S. 1139 (1985)). Ms. Solis-Cantu alleges that the trial court erred in its entrapment by estoppel instruction when it interpreted the word "believes" to mean "reasonably believes". However, we have repeatedly stated that in order to prove entrapment by estoppel, the defendant's belief that the conduct was legal must be reasonable. United States v. Timmins, 464 F.2d 385, 387 (9th Cir.1972) ("[the defendant] must show that his reliance on the misleading information was reasonable"); United States v. Evans, 928 F.2d 858, 860 (9th Cir.1991) (the defendant must reasonably believe that he would not be guilty for selling machine guns); United States v. Brebner, 951 F.2d 1017, 1024 (9th Cir.1991) ("[t]he defendant must show that he relied on false information and that his reliance was reasonable"). Ms. Solis-Cantu's argument is without merit.
 
 
 9
 Moreover, Ms. Solis-Cantu's reliance on United States v. Cheek, 111 S.Ct. 604 (1991) is misplaced. The entrapment by estoppel defense is a peculiar defense with its own peculiar requirements. Cheek did not involve this defense.
 
 
 10
 The district court properly instructed the jury that in order to successfully defend her actions under an entrapment by estoppel doctrine, Ms. Solis-Cantu must convince the jury that she reasonably believed she was not violating the law.
 
 
 11
 AFFIRM.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable M.D. Crocker, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3