**UNITED STATES of America**

v.

**Robert David ZMUDA, Appellant.**

**No. 17991.**

United States Court of Appeals, Third Circuit.

Argued Jan. 6, 1970.

Decided March 10, 1970.

Certiorari Denied June 15, 1970. See 90 S.Ct. 2176.

---

Thomas M. Kerr, Pittsburgh, Pa., for appellant.

George E. Schumacher, Sp. Asst. U. S. Atty., Pittsburgh, Pa. (Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, ALDISERT and STAHL,[1] Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

Appellant was convicted of failing to report for his selective service physical examination and for refusing induction into the armed services.[2] He received concurrent three year sentences for each offense. He argues that his convictions were invalid because he was denied due process in the consideration of his claim for exemption by the Selective Service System, and contends that his order for accelerated induction was without statutory authority.

Zmuda, a selective service registrant with an Allegheny County, Pennsylvania, local board, had, on July 27, 1967, claimed conscientious objector status. The claim was denied by the local board and in September, 1967 he received a I–A classification. With the Notice of Classification and under separate cover, the local board advised him of his right to request a personal appearance before the board and to appeal the board's decision. Zmuda did not respond.

Two months later the local board, advised that appellant had enrolled as a full-time college student, reclassified him II–S as a registrant deferred because of academic study. Notice of this reclassification was given Zmuda together with written advice of personal appearance and appeal rights. In December, 1967 the board was notified that appellant had withdrawn from school and he was returned to the I–A classification. Zmuda was informed of the board's action and was again apprised of his entitlement to a personal appearance and appeal.

Approximately four months after this return to I–A status, Zmuda returned his Notice of Classification to the board with an accompanying letter. In the letter the appellant protested that, "I see no reason why a C.O. was not given to me," and concluded: "Now you come and get me." On May 27, 1968, Zmuda was ordered to report for a physical examination on June 19. When he failed to report for the exam, he was declared delinquent under the provisions of 32 C.F.R. 1642.4 for failure to perform a duty "required of him under the Selective Service law," 32 C.F.R. 1628.16. He was directed to report to the local board "in person or by mail" and was cautioned that willful failure to comply would constitute a violation of the Universal Military Training and Service Act. He failed to respond and was ordered for induction on August 22, 1968. He acknowledged receipt of the order with a handwritten note which read: "As I have stated in the past, I will not cooperate with you in any way. I see no reason why a C.O. was not given to me." Zmuda failed to report for induction on the day designated. He was convicted for failure to report both for the physical examination and for induction and this appeal followed.

Based on the Supreme Court's recent decision in Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970), we have concluded that appellant's conviction for failure to report for induction cannot stand. In *Gutknecht*, the Court held that the Selective Service System is without statutory authority to order the accelerated induction of a registrant on the basis of his "delinquency" status.

Our review of the record in this case convinces us that appellant's order for induction came when it did solely be-

---

1. Judge Stahl participated in the hearing and decision of this case but died before the opinion of the court was filed.

2. 50 U.S.C.A.App. § 462(a).

cause of his failure to report for his armed forces physical examination. First, the directive from the state director to the local board, dated July 10, 1968, clearly indicates that appellant's accelerated induction resulted solely from his being declared a delinquent. That directive states: "On June 19, 1968, the registrant [Zmuda] failed to report for an armed forces physical examination, therefore he should be declared to be delinquent and processed for induction according to Local Board Advice E–1–3."

Paragraph 3 of Local Board Advice E–1 ("Delinquents") provides seriatim for: (1) declaration of delinquency; (2) notification to the registrant; (3) registration of delinquency; and (4) call for induction. Moreover, by brief and oral argument to this court, the government virtually concedes that the induction was part of "the implementation of the delinquency regulations." Consequently, appellant's conviction for failure to comply with the invalid induction order must be reversed.

As noted previously, however, appellant was also convicted on a separate count of failing to report for his physical examination. In defense, appellant contends that the denial of his conscientious objector claim was punitively motivated and erroneous—having no basis in fact— and that the procedures that resulted in his I–A classification violated due process of law.

■ First and foremost, it must be emphasized that the alleged invalidity of appellant's classification is not available as a defense to a prosecution for failing to report for a physical examination. The validity of a I–A classification has no relevance to the registrant's obliga-

tion to undergo an examination to determine his physical eligibility to serve in the armed forces. McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969). Should the result of the examination reveal that the registrant is physically ineligible to serve, then his I–A classification would obviously be changed.

■ Even if Zmuda's classification had any bearing on his duty to submit to physical examination, we confess extreme difficulty in grasping the contention that a "punitive" classification or reclassification was involved here.[3] There is no evidentiary support for the assertion that the local board's initial rejection of the appellant's conscientious objector claim was prompted by punitive motivations. Clearly, there was no question of any delinquency on Zmuda's part at that time. Furthermore, the return to I–A status following Zmuda's brief II–S student deferment was nothing more than an administrative restoration of the original I–A classification.

■ Stripping the surplusage from the various arguments advanced on this point, the appellant's complaint is simply that the local board had no basis in fact for rejecting his conscientious objector claim. But in the posture of the record before us, we are precluded from inquiring as to whether there was a "basis in fact"[4] for the I–A classification, or, conversely, whether Zmuda met his burden of proof in establishing a conscientious objector exemption.[5] We are placed in this position because appellant failed to avail himself of the review procedures available within the selective service system for the rectification of what

3. We are thus not confronted with questions of delinquency reclassifications such as were presented in *Gutknecht, supra,* or Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970). These cases clearly invalidate selective service reclassifications or inductions based solely on a registrant's "delinquency" status.

4. "It is by now axiomatic in Selective Service cases that the standard of judicial review of classification by a local board is whether there is basis in fact for the board's classification." United States v. Carroll, 398 F.2d 651 at 653 (3 Cir. 1968).

5. See United States v. Brown, 423 F.2d 751 (3 Cir. 1970).

a registrant believes to be an improper classification.[6]

The appropriate regulations provide for both a personal appearance before the local board and recourse to the appeal board where a registrant disagrees with his classification. 32 C.F.R. § 1626.2. Zmuda received a specific "Notice of Right to Personal Appearance and Appeal" in which his attention was directed to his "right to ask for a personal appearance of appeal within 30 days prescribed on the reverse side of [the] Notice of Classification."[7] Appellant was familiar with these rights and he candidly stated at the trial that he did not take advantage of them because "from the beginning I have always felt that I was entitled to this C.O. and that it should have been given to me, and therefore I did not want to 'play the game' in appealing, so to speak."

Under such circumstances, the failure to exhaust these administrative remedies prevents the assertion of an erroneous classification as a defense to a criminal prosecution. United States v. Grundy, 398 F.2d 744 (3 Cir. 1968); Lockhart v. United States, 420 F.2d 1143 (9 Cir. Dec. 18, 1969). Appellant seems to be aware of this, but asserts that exhaustion of administrative remedies should not be applied dogmatically in all cases, and that in his particular case he should have been relieved of this responsibility.

Whatever uncertainties existed in the state of the law relating to the exhaustion requirement prior to McKart v. United States, supra, that case has now delineated, with some specificity, the type of selective service proceedings where exhaustion of administrative remedies may or may not be mandatory. The precise holding in McKart was that exhaustion was not required in a claim for exemption as a sole surviving son because resolution of the claim called for a statutory legal interpretation not based on factual determinations or the exercise of discretion by the selective service system. Significantly, the Court

---

6. No such similar requirement is presented in the appellant's attack on his accelerated induction since the declaration of delinquency is not a "classification" from which an administrative appeal is required. See Gutknecht, supra.

7. This notice provides in part:

If this classification is by a local board, you may, within 30 days after the mailing of this notice, file a written request for a personal appearance before the local board (unless this classification has been determined upon such personal appearance). Following such personal appearance you may file a written notice of appeal from the local board's classification within the applicable period mentioned in the next paragraph after the date of mailing of the new notice of classification. If you do not wish a personal appearance but do want to appeal your case, you may do so by making such an appeal in writing, to your local board, within the specified time.

Appeal from classification by local board may be taken by filing written notice of appeal with your local board within one of the following periods after the date of mailing of this notice:

(1) 30 days if the registrant is located in the United States, its territories, possessions, Canada, Cuba, or Mexico OR;
(2) 60 days if the registrant is located in a foreign country other than Canada, Cuba or Mexico.

You may file with your local board a written request that the appeal be submitted to the appeal board having jurisdiction over the area in which your principal place of employment or current place of residence is located.

If an appeal has been taken, and one or more members of the appeal board dissented from such classification, you may file a written notice of appeal to the President with your local board within 30 DAYS after the mailing of this notice.

Your Government Appeal Agent, attached to your selective service local board, is available to advise you regarding your rights and liabilities under the selective service law.

Your Selective Service Number, shown on the reverse side, should appear on all communications with your local board. Sign this form immediately upon receipt.

FOR INFORMATION AND ADVICE, GO TO ANY LOCAL BOARD.

made reference to conscientious objector claims as representative of another type of exemption requiring the full panoply of administrative consideration:

> conscientious objector claims * * * would appear to be examples of questions requiring the application of expertise or the exercise of discretion. In such cases, the Selective Service System and the courts may have a stronger interest in having the question decided in the first instance by the local board and then by the appeal board, which considers the question anew. 32 C.F.R. § 1626.26. The Selective Service System is empowered by Congress to make such discretionary determinations and only the local and appeal boards have the necessary expertise.

395 U.S. at 198, 89 S.Ct., at 1665, n. 16.

We are compelled to conclude that Zmuda's conscious and deliberate choice to reject any recourse to the administrative review available within the Selective Service System constitutes a complete bar to any consideration of his classification here.[8]

We recognize that some may regard the application of the exhaustion requirement as an insensitive and inflexible formalism—a judicial preoccupation with form over substance. It should be remembered, however, that nothing is more basic to our jurisprudence than the constant application of procedural rules. It is what Mr. Justice Brandeis called "due process in the primary sense." Brinkerhoff-Faris Trust & Savings Co. v. Hill, 281 U.S. 673, 681, 50 S.Ct. 451, 454, 74 L.Ed. 1107 (1930). And when Congress has designated an administrative agency as the initial forum for the adjudication of contested

rights, only a clear demonstration that recourse to the agency would be futile, self-defeating or judicially wasteful will justify the abandonment of the exhaustion requirement. No such demonstration has been made here. The appellant deliberately refused to utilize the administrative apparatus available to rectify what he considered unjust. He will not now be heard to complain of the denial of due process from a system he chose to ignore.

Accordingly, the conviction for failure to report for induction will be reversed; the conviction for failure to report for an armed forces physical examination will be affirmed.[9]

---

8. In ruling as we do on the exhaustion question, we do not reach the additional points raised by the appellant concerning the production of local board records, and the testimony of board members, all of which would only be relevant if the issue of appellant's classification were reviewable. We also note that appellant's original contention in written brief that the local board was improperly constituted was abandoned at oral argument.

9. In light of the Supreme Court's decision in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1968), concerning the reviewability of concurrent sentences where a conviction is valid on one count, we feel both compelled and justified in ruling as we do.