637. Defendant's chief argument was that none of the payments was usurious and that the complaint should have been dismissed. We carefully considered these and other contentions made by the parties, and Judge Port's thorough analysis of the factual and legal questions involved. As to the rulings set forth above, we affirm on the basis of Judge Port's opinion, McNellis v. Raymond, which is reported at 329 F.Supp. 1038. As to the remaining issues, we find no error in the judgment below.[1]

argument on this conviction for failure to take a selective service physical examination which he had been ordered to take.

We do not find the punitive aspects here that were present in United States v. Hayden, 9 Cir., 445 F.2d 1365 decided April 9, 1971, which is clearly distinguishable.

**UNITED STATES of America,
Plaintiff and Appellee.**

v.

**Adolfo DE LA PARRA, Appellant.**

**No. 71-1255.**

United States Court of Appeals,
Ninth Circuit.

June 3, 1971.

Rehearing Denied July 20, 1971.

J. B. Tietz (argued), Los Angeles, Cal., for appellant.

Brian J. O'Neill, Asst. U. S. Atty., (argued), Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim.Div., Los Angeles, Cal., for appellee.

Before CHAMBERS, MERRILL and ELY, Circuit Judges.

PER CURIAM:

The judgment of conviction is affirmed. We reject the double jeopardy

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John DROTAR, Defendant-Appellant.**

**No. 27319.**

United States Court of Appeals,
Fifth Circuit.

Aug. 17, 1971.

Philip Goodheim, Hollywood, Fla. (Court Appointed), for defendant-appellant.

William A. Meadows, Jr., U. S. Atty., Theodore Klein, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

On May 3, 1971, our judgment of affirmance in this case, reported at 416 F.2d 914, was vacated by the Supreme Court, 402 U.S. 939, 91 S.Ct. 1628, 29 L.Ed.2d 107, and remanded for reconsideration in light of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.

---

1. For example, an argument was made to us that Judge Port did not decide on the merits after remand, i. e., that the trustee should have been granted summary judgment as a sanction for defend-

ant's failure to answer interrogatories. However, in the proceedings held before the prior appeal, the district court, in the exercise of its discretion, denied that relief. We see no abuse of discretion.