**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William M. HEYWOOD, Defendant-Appellant.**

**No. 72–1963.**

United States Court of Appeals, Ninth Circuit.

Nov. 15, 1972.

Rehearing Denied Dec. 29, 1972.

Richard P. Fox (argued), Los Angeles, Cal., for defendant-appellant.

Robert C. Bonner, Asst. U. S. Atty. (argued), Eric A. Nobles, Barbara Meiers, Asst. U. S. Attys., William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before DUNIWAY and CARTER, Circuit Judges, and McNICHOLS,* District Judge.

CARTER, Circuit Judge:

This appeal from convictions on two counts of failure to report for a pre-induction physical examination, directly presents the question whether a Selective Service registrant, classified I–A, has a duty to report for such examination, regardless of the validity of his classification. We affirm.

Appellant was classified I–A in October, 1969. In September, 1970, he claimed conscientious objector status; his draft board rejected this claim in January, 1971. Thereafter, appellant admittedly received and ignored two separate notices to report for pre-induction physical examination, from which derived these convictions.

Appellant urges that the case is controlled by United States v. Hayden (9 Cir. 1971) 445 F.2d 1365, and that *Hayden,* at pp. 1369–1370, has specifically rejected the holding of United States v. Zmuda (3 Cir. 1970) 423 F.2d 757, cert.

den., 398 U.S. 960, 90 S.Ct. 2176, 26 L.Ed.2d 545.

United States v. Hayden (9 Cir. 1971) 445 F.2d 1365, can be distinguished and is not controlling. In that case, Hayden had previously been indicted for failure to report·for induction under 50 U.S.C. App. § 462(a). The case was tried, and the trial judge determined that there was no basis in fact to support Hayden's I–A classification, and that Hayden was in fact a bona fide *conscientious objector.* Hayden was acquitted on those grounds, and the local board was notified of the decision. However, it did not reclassify Hayden. Instead, it asked Hayden to report for an informal interview concerning his conscientious objector claim, an invitation that he declined, stating in a letter that in light of the judge's opinion and the record already before the board, he felt no need to come to the interview. He was again classified I–A.

■ Once again, he was indicted for failure to report for induction and for failing to report for a pre-induction physical examination, and was convicted on both charges. On appeal, we reversed the conviction for failure to report for induction, on the basis of Gutknecht v. United States, 1970, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532. As to the failure to report for the pre-induction physical (the issue with which we are concerned here) we also reversed. We held that those registrants who are classified I–O are an exception to the rule that persons classified I–A, I–O and I–A–O must report for a pre-induction physical examination. If a I–O registrant does not appear for the examination, he is treated under the regulations as if he had been found qualified. In other words, we held that registrants classified I–O have a right not to take the pre-induction physical examination, even though they may be ordered to do so.

■ We next held that in the very unusual circumstances of Hayden's case, the board had misclassified him. We

* Honorable Ray McNichols, Chief United States District Judge, District of Idaho, sitting by designation.

held that the board could not re-impose a classification which a federal court had invalidated unless there were newly discovered facts or considerations which would merit doing so. The record before the board was the same as before, and thus the board should have foreclosed itself from "any conclusion inconsistent with the judicial declaration before it." 445 F.2d at 1374. In sum, in the circumstances of that case, Hayden was considered misclassified as I–A; he was considered in effect as being classified I–O; and as a I–O registrant he was immune to prosecution for failure to report for a pre-induction physical examination.

In so holding, we emphasized that *Hayden* is not a far reaching decision. Speaking for the court, Judge Ely was careful to state: "Hayden is in . . . [an] extremely unique position . . . [T]his case [is] in a unique posture." 445 F.2d at 1379. Applying the doctrine of collateral estoppel, Judge Ely held that the board was foreclosed "from any conclusion inconsistent with the judicial declaration before it," *i. e.,* that Hayden was a "sincere, genuine conscientious objector." *Hayden,* at 1373–1374.

Given our holding that Hayden was a sincere conscientious objector (I–O), Judge Ely was correct in distinguishing the following cases. United States v. Zmuda (3 Cir. 1970) 423 F.2d 757, cert. den. 398 U.S. 960, 90 S.Ct. 2176, 26 L.Ed. 2d 545 (1970), did not control because Zmuda was classified I–A, although he was claiming a I–O. *Hayden* at 1369–1370. McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969)

was not controlling because McKart had been convicted only of failing to report for induction, not failing to submit to a physical examination. *Hayden* at 1370, note 5. McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971), which rested on the theory of failure to exhaust administrative remedies, did not control *Hayden,* wherein the registrant was held to have exhausted his remedies. We do not reach that question here.[1]

Unlike I–O registrants, those classified I–A are potentially available for unlimited military service and early determination of their physical fitness is desirable. *See, McKart, supra,* 395 U.S. at 201, 89 S.Ct. 1657.

We conclude that *Hayden* is not controlling and is distinguishable without doing violence to the holding therein.

In United States v. De La Parra (9 Cir. 1971) 445 F.2d 1405, we affirmed a conviction of a registrant classified I–A on the same charge of failure to report for a physical examination. Although a per curiam, the decision is in point. We stated: "We do not find the punitive aspects here that were present in United States v. Hayden, 9 Cir., 445 F.2d 1365 decided April 9, 1971, which is clearly distinguishable."

It is significant that Judge Ely was a member of the panel in *De La Parra.* He was familiar with *De La Parra* when the petition for rehearing was denied in *Hayden* on July 26, 1971. 445 F.2d at 1378. In the supplemental opinion denying rehearing, Judge Ely stated: "In

---

1. Heywood did not exhaust his administrative remedies after his I–A classification in January 1971 by personal appearance before the board or by appeal. However, the unusual fact situation in this case raises questions as to our reliance here on the exhaustion doctrine.

After Heywood's classification as I–A on October 22, 1969, he was mailed SSS Form 110, Notice of Classification, on October 31, 1969.

Heywood mailed in a Form 150 (C.O. questionnaire) which was received by the board on November 30, 1970. In January 1971 he was again classified I–A, the

board resting its decision on the grounds of his insincerity and the lateness of the claim.

The board's minutes show he was mailed a Notice of Classification, Form 110, on January 18, 1971, but no copy of the Notice appears in the file. Heywood claims he never received the Notice and therefore never had an opportunity to exhaust his remedies of personal appearance and appeal.

The trial court refused an offer of proof of his testimony and that of his father, that he never received the Notice of Classification.

the light of that trial [the prior trial in the district court], the subsequent approach taken by Hayden's Board is, at its best, inexplicable." He footnoted the statement as follows: "Another panel of our court has recently characterized it as 'punitive.' United States v. De La Parra, 445 F.2d 1405 (9th Cir., June 3, 1971) This motivation has been held, in another context, to be intolerable. Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970)." Hayden at 1379–1380 and n. 1.

Although McKart v. United States, *supra*, is not in point, there are strong dicta (if we can call Supreme Court language dicta) supporting affirmance here. The Court stated:

"But more importantly, a registrant is under a duty to comply with the order to report for a physical examination and may be criminally prosecuted for failure to comply. If the Government deems it important enough to the smooth functioning of the System to have unfit registrants weeded out at the earliest possible moment, it can enforce the duty to report for pre-induction examinations by criminal sanctions." *Id.* 395 U.S. at 201, 89 S.Ct. at 1667 [Footnotes omitted]

"An invalid classification . . . would not be a defense today to a prosecution for failure to report for a pre-induction examination." *Id.* p. 203, 89 S.Ct. at 1667.

■■■ The penalties for ignoring an order to report for a physical examination are set out in 50 U.S.C. App. § 462 (1970). Notices of physical examinations warn I–A registrants of the possible penalty of fine or imprisonment for failure to comply. *Hayden, supra,* 445 F.2d at 1371, note 7.

Regulations require that every registrant be given a physical examination prior to being ordered for induction or for alternative civilian work. 32 C.F.R. § 1628.10 (1971). A notice of physical examination is to be sent to registrants in classes I–A, I–A–O, and I–O "without regard to whether the registrants have requested or will request a personal appearance . . . [or] whether an appeal has been or will be taken. . . ." 32 C.F.R. § 1628.11 (1971). The only exception of which we are aware is the one which *Hayden, supra,* recognized solely for registrants *already* classified I–O when ordered for a physical examination. *Id.* at 1369–1372. That exception exists only because, in addition to the punitive aspects there, I–O registrants are deemed to have met physical requirements if they do not report for their physicals, and at any rate will not be ordered to active duty. *Id.*

It should also be noted that appellant, had he reported for his physical examinations, might have achieved a lower classification than the I–O he requested. 32 C.F.R. § 1623.2 (1971) provides that when grounds are established to classify a registrant other than I–A, he must be placed in the lowest class for which he is eligible. For example, Class IV–F, mentally or medically disqualified, is a lower class than I–O, conscientious objector. *Id.*

If appellant here had been classified I–O, he could, under *Hayden,* have ignored the two notices of physical examination. But in our case there are no punitive aspects, and appellant was not classified I–O, but I–A. Even if he had no notice of his I–A classification of January 1971, as he claims, it is undisputed that he received his I–A classification of October 1969, and more importantly, the two notices for physical exams and accompanying warnings. From these, he reasonably could conclude that he was continuing to be processed as a I–A registrant. Yet, so far as the record reflects, he did not request any clarification from his draft broad.

In view of our conclusion that appellant's dispute of his I–A classification is irrelevant to his duty to comply with the two valid orders he received to report for pre-induction physical examination, we need not reach his other contentions.

The judgment is affirmed.