UNITED STATES of America, Appellee,

v.

Clinton Barrett SHRIVER, Appellant.

No. 72–1740.

United States Court of Appeals, Third Circuit.

Submitted Dec. 8, 1972.

Decided Jan. 26, 1973.

John D. Egnal, Egnal & Egnal, Philadelphia, Pa., for appellant.

Gary Tilles, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before VAN DUSEN, GIBBONS and HUNTER, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge.

Appellant Clinton Barrett Shriver was indicted on four counts relating to alleged violation of the Military Selective Service Act, 50 U.S.C. App. § 462 (1967). He was acquitted on three of the counts but convicted for failing to report for an armed forces physical pursuant to § 462 and 32 C.F.R. § 1628.10. He is appealing that conviction.

It is undisputed that appellant did not report for a physical scheduled for January 5, 1971. At all times, he was classified 1-A. Although he was sent the proper form four and one-half months before the date of his physical, appellant did not submit a claim for a conscientious objector classification until after the date of his physical had passed. His local board did consider his claim, however, and refused to reclassify him. Appellant did not appeal from this decision.

Appellant now contends that he should have been classified as a conscientious objector. According to regulations in effect at that time, it was not a crime for a person already classified as a conscientious objector to fail to report for a physical. See United States v. Hayden, 445 F.2d 1365 (9th Cir. 1971).[1] Appellant argues that he should be able to prove that he is a conscientious objector and that if he does,[2] this should be a defense to his prosecution. The Ninth Circuit accepted a similar argument in United States v. Hayden, *supra.* Previously, however, this circuit rejected appellant's argument in United States v. Zmuda, 423 F.2d 757 (3d Cir. 1970), cert. denied 398 U.S. 960, 90 S.Ct. 2176, 26 L.Ed.2d 545 (1970). *Accord,* United States v. Dombrowski, 445 F.2d 1289, 1297 (8th Cir. 1971).

In *Zmuda,* we said:

"First and foremost, it must be emphasized that the alleged invalidity of appellant's classification is not available as a defense to a prosecution for failing to report for a physical examination. The validity of a I-A classification has no relevance to the registrant's obligation to undergo an examination to determine his physical eligibility to serve in the armed forces." (Citation omitted). *Id.* 423 F.2d at 759.

Alternatively, appellant is precluded from raising the propriety of his classification in these proceedings since he failed to exhaust his administrative remedies. United States v. McGee, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47

---

1. A regulation has been proposed to make it a crime for a conscientious objector to fail to report for induction:

    "A registrant classified in Class I-O shall be ordered to report for Armed Forces examination in accord with Part 1628 of this chapter." Proposed 32 C.F.R. 1661.1 (9 May 1972), see page 9566 of The Federal Register.

    This has not yet been adopted, however.

2. At sentencing, the district court stated:

    "It seems to me rather apparent that the correct solution here would be to achieve substantially the same result that would have been achieved if you had made your application and been granted the status that I think you probably were entitled to, if you had applied.

    "In short, I find as a fact that you are sincere in your conscientious objection to military service." Appendix, 70a.

    It is unclear whether this is a finding that appellant was entitled to a conscientious objector classification. In view of our discussion, *infra,* of the exhaustion principle, it is unnecessary to determine the effect of these statements.

(1971) ; United States v. Zmuda, *supra*, 423 F.2d at 759. In *McGee* the Supreme Court held that a claim that a registrant should have been classified as a conscientious objector could not be raised as a defense to a prosecution if the registrant had failed to exhaust his administrative remedies.[3]

This failure to exhaust also distinguishes this case from *Hayden*. There, appellant had been acquitted of a previous charge of failing to report for induction when a district court found that Hayden was a conscientious objector. Despite this acquittal, his board refused to reclassify him. Appellant was notified of this fact and refused to appeal. He was then re-ordered to report for a pre-induction physical. The Ninth Circuit excused this failure to pursue an administrative remedy:

> "At this point, Hayden had clearly exhausted his remedies and had given the system every opportunity to correct its error, and to amplify the factual record. The full panoply of the administrative process having been brought to bear on Hayden's claim, the denial of his I-O claim was held, by a federal court, to have been without basis in fact.

> "It is this circumstance, the prior judicial resolution of Hayden's claim,

based on a fully developed administrative record, which distinguishes his case from that of McGee." *Id.*, 445 F.2d at 1379.

█ Appellant here made no attempt to challenge denial of his conscientious objector claim. He did not even submit the claim until after his date for reporting had passed. He therefore cannot raise the validity of his classification as a defense.

## NOTICE

█ The district court found that appellant had actual notice of the date of his physical in time for him to report, but the exact date on which he received this order was not ascertained. His order to report was mailed eight days before the date he had to report. He claims this was insufficient time and contends that he had a right to fifteen days between mailing and time for reporting, as 32 C.F.R. § 1628.6b now provides. At that time, however, no minimum amount of notice was required, and appellant has not shown any prejudice to him that would make us hold that due process had been violated. Appellant testified and wrote to the board that his decision not to report was due to a desire to resist the system and not to a lack of notice.

The judgment of the district court will be affirmed.

---

3. The court said in United States v. McGee, 402 U.S. 479, 486, 91 S.Ct. 1565, 1569 (1971) that:

". . . [H]ere it is apparent that McGee's failure to exhaust did jeopardize the interest in full administrative fact gathering and utilization of agency expertise, rather than the contrary. Unlike the dispute about statutory interpretation involved in *McKart* [v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969)], McGee's claims to exempt status—as a ministerial student or a conscientious objector—depended on the application of expertise by administrative bodies in resolving underlying issues of fact. Fact-finding for purposes of Selective Service classification is committed primarily to the administrative process, with very limited judicial review to ascertain whether there is a 'basis in fact' for the administrative determination. See 50 U.

S.C.App. § 460(b)(3) (1964 ed., Supp. V) ; Estep v. United States, 327 U.S. [114], at 122–123, [66 S.Ct. 423, at 427–428] 90 L.Ed. 567 ; cf. Witmer v. United States, 348 U.S. 375, 380–381, [75 S.Ct. 392, 395–396, 99 L.Ed. 428] (1955). *McKart* expressly noted that as to classification claims turning on the resolution of particularistic fact questions, 'the Selective Service System and the courts may have a stronger interest in having the question decided in the first instance by the local board and then by the appeal board, which considers the question anew.' 395 U.S., at 198 n. 16, [89 S.Ct. 1657, at 1665]. See id., at 200–201, [89 S.Ct. 1657, at 1666–1667]. This 'stronger interest,' in the circumstances of the present case, has become compelling and fully sufficient to justify invocation of the exhaustion doctrine."

GIBBONS, Circuit Judge (concurring).

The registrant was convicted of failing to report for a selective service physical examination on January 5, 1971. As Judge Hunter's opinion makes clear, he had such notice of the scheduled examination as was then required by the applicable Selective Service System Regulations. On January 13, 1971 the registrant first mailed to his Local Board Selective Service System Form 150, setting forth a conscientious objector claim. He had, as early as July 29, 1969 informed the board of a possible conscientious objector claim, and it was not until August of 1970 that the board forwarded a Form 150 to him. None of the delay between August, 1970 and January 13, 1971 in the filing of the Form 150 is attributable to the Selective Service System. Thus, as of January 5, 1971, when his physical examination was scheduled, the registrant was properly classified I-A.

In these circumstances the special treatment for I-O registrants with respect to physical examinations set forth in the then applicable regulation, 32 C.F.R. § 1660.20(a), did not cover his case. The registrant was under a duty to report. In this respect there is no difference between Judge Hunter and me.

To the extent, however, that Judge Hunter relies upon our prior decision in United States v. Zmuda, 423 F.2d 757 (3d Cir. 1970), I express my disagreement. *Zmuda* holds that a conscientious objector's status as such had no relevance to his duty to undergo a physical examination. But *Zmuda* was decided without reference to 32 C.F.R. § 1660.20 (a). As the Ninth Circuit makes clear in United States v. Hayden, 445 F.2d 1365, 1369 (9th Cir. 1971), this shortcoming make the *Zmuda* analysis seriously defective. Were the issue presented in this case I would vote to follow *Hayden* rather than *Zmuda*. In this

case, however, at the time the registrant failed to comply with the order to report for a physical examination he did not fall within 32 C.F.R. § 1660.20(a). Thus he was under a duty to report on January 5, 1971, and his conviction for failure to do so was proper.