**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Craig Joel WEISLOW, Defendant-Appellant.**

**No. 73-1239.**

United States Court of Appeals, Ninth Circuit.

Sept. 21, 1973.

Gail M. Title, Deputy Federal Public Defender (argued), John K. Van De Kamp, Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

John K. Cameron, Jr., Asst. U. S. Atty. (argued), William D. Keller, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty., Los Angeles Cal., for plaintiff-appellee.

Before MERRILL and WALLACE, Circuit Judges, and PECKHAM,* District Judge.

WALLACE, Circuit Judge:

Weislow pleaded not guilty to a two-count indictment charging him with failure to report for a physical examination and refusal to be inducted, both in violation of 50 U.S.C.App. § 462. Subsequent to a jury waiver, the court found him guilty of both counts. We affirm.

In late 1968, Weislow registered with his local Selective Service Board. Thereafter he mailed to his board a Classification Questionnaire (Form 100) in which he indicated that he would be a full-time college student until June, 1970. He never presented the board with any verification of this claim.

In June, 1969, Weislow was classified 1-A. At no time did he contest it.

Weislow failed to appear for a physical examination, in December, 1969, claiming illness. Thereafter, on February 16, 1970, the local board ordered Weislow to report for another physical examination on March 11, 1970. He failed to

* Honorable Robert F. Peckham, United States District Judge, San Francisco, California, sitting by designation.

**562**

report and that failure is the basis of count one. On March 17, the board received a letter from Weislow claiming that on March 11, he was in New York checking into a job opportunity.

 Weislow contends that the 1–A classification was improper and that he was therefore free to disregard the board's order. We cannot agree. The possible invalidity of his classification does not constitute a defense to a prosecution for failure to report for a pre-induction physical examination. McKart v. United States, 395 U.S. 185, 203, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); United States v. Heywood, 469 F.2d 602, 605 (9th Cir. 1972).

Weislow's reliance on United States v. Brandt, 435 F.2d 324 (9th Cir. 1970) is misplaced. That unique case is clearly distinguishable, Brandt was classified II–S and was entitled to that classification as a matter of law when the board, without reason, reclassified him 1–A. Brandt had submitted a Request for Undergraduate Student Deferment and presented evidence that he was pursuing a full-time course of instruction. Weislow did neither.[1]

Even if Weislow could successfully contend that an improperly classified registrant has no duty to report for a pre-induction physical examination when ordered to do so, he would be precluded from raising that claim due to his failure to exhaust his administrative remedies. McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971); United States v. Juarez, 469 F.2d 770, 772 (9th Cir. 1972). There was a lapse of eight months between the date of classification and his failure to report for the physical examination in question. At no time did Weislow present evidence of his student status or appeal the board's classification. He,

therefore, cannot now contest the validity of the 1–A classification.

We need not reach the allegations of error relating to the second count inasmuch as we affirm the first count and Weislow received a concurrent sentence. *See* United States v. Moore, 452 F.2d 576, 577 (9th Cir. 1971).

Finally, Weislow, who was 22, contends that it was error for the trial judge not to sentence him under the Youth Corrections Act (18 U.S.C. § 5005 et seq.). This claim is unmeritorious. Weislow has no right to be so sentenced. The trial judge, who is in the best position to make the determination, has the discretion to sentence or not to sentence pursuant to the Act. We see no need to review that determination. *Cf.* United States v. James, 443 F.2d 348, 349 (9th Cir. 1971).

Affirmed.

---

1. 32 C.F.R. § 1622.25(d) provides:

It shall be the registrant's duty to provide the local board each year with evidence that he is satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution of learning.

E.O. 11360, 32 Fed.Reg. 9790 July 4, 1967.