**UNITED STATES of America,
Appellee,**

v.

**Thomas Lee RUDD, Appellant.**

**No. 1095, Docket 73–1665.**

United States Court of Appeals,
Second Circuit.

Argued Aug. 17, 1973.

Decided Sept. 26, 1973.

Michael N. Pollet, New York City (Steven Delibert, and Karpatkin, Ohrenstein & Karpatkin, New York City, on the brief), for appellant.

George E. Wilson, Asst. U. S. Atty., New York City (Paul J. Curran, U. S. Atty., New York City, on the brief), for appellee.

Before MULLIGAN, OAKES and TIMBERS, Circuit Judges.

PER CURIAM:

Appellant Thomas Lee Rudd appeals from a judgment of conviction entered April 6, 1973 after a bench trial in the Southern District of New York, Lloyd F. MacMahon, *District Judge,* for refusal to report for an armed forces physical examination, in violation of Section 12(a) of the Military Selective Service Act of 1967, 50 U.S.C. App. § 462(a) (1970), and 32 C.F.R. § 1628.16 (1972).

He was sentenced as a young adult offender, 18 U.S.C. §§ 4209 and 5010(d) (1970), with imposition of sentence suspended and appellant placed on probation for two years conditioned upon his performing two years of alternative service.

Appellant's essential claim on appeal is that, although he was classified 1–A by his local board at the time of the order to report for a physical examination, he was entitled to a 1–O (conscientious objector) classification; that he would have obtained such classification if he had not been misled by his local board; that as a 1–O he could have waived a physical; and therefore he was immune from prosecution for refusal to report for a physical. We disagree.

■ The short answer to appellant's claim is that, assuming arguendo that the local board's 1–A classification was invalid, it did not excuse him from reporting for a physical examination. As the Supreme Court said in McKart v. United States, 395 U.S. 185 (1969):

"... a registrant is under a duty to comply with the order to report for a physical examination and may be criminally prosecuted for failure to comply. If the Government deems it important enough to the smooth functioning of the System to have unfit registrants weeded out at the earliest possible moment, it can enforce the duty to report for pre-induction examinations by criminal sanctions." *Id.* at 201. (footnotes omitted).

\* \* \*

"*An invalid classification . . . would not be a defense today to a prosecution for failure to report for a pre-induction examination.*" *Id.* at 203. (emphasis added).

We so held upon essentially similar facts on August 15, 1973 in affirming from the bench a conviction for refusal to report for a physical examination despite an alleged invalid 1-A classification. United States v. Lawrence, 481 F.2d 1397 (2 Cir. 1973). See also United States v. Shriver, 473 F.2d 436, 437 (3

Cir. 1973); United States v. Heywood, 469 F.2d 602 (9 Cir. 1972), distinguishing United States v. Hayden, 445 F.2d 1365 (9 Cir. 1971); United States v. Dombrouski, 445 F.2d 1289, 1296 (8 Cir. 1971); United States v. Zmuda, 423 F.2d 757 (3 Cir.), cert. denied, 398 U.S. 960 (1970); United States v. Moriarty, 319 F.Supp. 117, 121 (W.D.Mo.1970). And while we recognize the force of Judge Feinberg's characteristically perceptive dissent in United States v. McGee, 426 F.2d 691, 705 (2 Cir. 1970), aff'd on other grounds, 402 U.S. 479 (1971), it serves here to emphasize that the controlling law of this Circuit is to the contrary.

■ Moreover, we do not believe that appellant was in any way misled by the local board. He was sophisticated and intelligent. His objection to the special form for conscientious objectors did not preclude him from stating his views. His letters to the local board are indicative of his attitude. The record fully supports Judge MacMahon's finding in this respect:

"He was not misled. On the contrary, as I have said, he was just being cute. He knew full well, and was fully informed from some other source, as his letter reveals that he could claim conscientious objector."

Affirmed.

OAKES, Circuit Judge (dissenting):

The majority says that "we do not believe that appellant was in any way misled by the local board." I believe the opposite to be the case. While a student with a 1–S(C) classification, he wrote on July 27, 1969, and again on August 6, 1969, requesting that he be sent a copy of SSS Form No. 150, the special form for conscientious objectors. He did not send in this form because it asked for objections to the military based on "religious training and belief," and this was before Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970), decided that one could properly be classified a conscientious objector despite not having a religious basis for his convictions. He was reclassified 1–A by

his local board on May 12, 1970. One month after *Welsh,* which was decided on June 15, appellant wrote his local board informing them of his social, moral and political objections to service, pointing out that he was unable "to honestly complete" the SSS form, ·and asking for a new form now that he could state his "ethical objections to the military." Despite *Welsh,* the local board on August 4 mailed him an unchanged SSS Form No. 150, containing the "religious training and belief" language. He wrote the board on September 2, 1970, pointing out that the form had not been revised and that he therefore "still [could not] complete it" and went on to ask how he could claim "my CO status on moral and ethical grounds using the present SSS Form 150." While Judge MacMahon found, as the majority says, that he was "just being cute in this respect," that finding was not on the ·basis of any testimony but on the basis of the letter itself. To me it is equally susceptible to the interpretation that he was sincerely and conscientiously trying to find out how to claim his conscientious objector status under *Welsh* on ethical grounds. It was at this point without further reply that he was ordered on October 14, 1970, to report for a physical on November 4. Subsequently, on November 18, he was ordered to report for induction on December 9. The Government, it is to be noted, consented to the dismissal of the count of the indictment which charged him for failure to report for induction, presumably because the local board had failed to advise him how to apply for conscientious objector status under *Welsh.* Just such conduct on the part of the board has been held to be misleading in, *e. g.,* United States v. Timmins, 464 F.2d 385 (9th Cir. 1972) (board's conduct a defense to prosecution for refusal to submit to induction).

The precise question here then is whether appellant's conviction for failing to report for a physical can stand even though his conviction for refusing induction could not. In McKart v. United States, 395 U.S. 185, 201–203, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), a case involving neither a claim of conscientious objection nor misleading board conduct, there is dictum that suggests that failure to report for a physical is a crime separable from failure to report for induction and that misclassification is not a defense to the failure to report for a physical. In Judge Feinberg's dissent in United States v. McGee, 426 F.2d 691, 704–705 (2d Cir. 1970), aff'd on other grounds, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971), he suggests quite persuasively to me that the *McKart* dictum should not be extended to cases involving wrongful failure to consider a conscientious objector classification.[1] These cases arè sui generis, Judge Feinberg reasons, bècause failure of a conscientious objector to show up for a physical is treated within the Selective Service System as if the conscientious objector had passed the physical. 426 F.2d at 704. Therefore the notice to a 1–O (conscientious object) registrant to report for a physical is really a benefit to him and not a "duty required of him" under 50 U.S.C. App. § 462(a). *Id.*

It is true that there are cases which have applied the *McKart* dictum in circumstances implicitly rejecting Judge Feinberg's distinction. *E. g.,* United States v. Zmuda, 423 F.2d 757, 759 (3rd Cir.), cert. denied, 398 U.S. 960, 90 S.Ct.

---

I. In *McGee,* the majority read the record as indicating that the board had in fact passed on the defendant's application for conscientious objector status, 426 F.2d at 698–699, whereas Judge Feinberg concluded that the defendant's application had not been considered, *id.* at 702–703. In this case the Government does not, nor could it, contend that defendant Rudd's claim was ever considered by the board. The majority here asserts that Rudd's "objection to the special form for conscientious objectors did not preclude him from stating his views"; this assertion proves too much, because it is clear from the record that Rudd did, to the best of his ability, state his views in correspondence with the board, and those views never received *any* consideration by the board. It cannot be doubted that Rudd "met his obligation to seek assistance of the board, and the local board failed to correct an important mis-impression of appellant, of which it was made fully aware." United States v. Sanders, 470 F.2d 937, 938 (9th Cir. 1972).

2176, 26 L.Ed.2d 545 (1970). On the other hand, this circuit has never passed upon the question and the affirmance from the bench to which the majority refers, and in which the author of this dissenting opinion concurred. United States v. Lawrence, 481 F.2d 1397 (2d Cir. 1973), did not involve any claim whatsoever of 1–O classification. In the Ninth Circuit opposing panels have split on the precise question here presented. United States v. Hayden, 445 F.2d 1365 (9th Cir. 1971). *Contra,* United States v. Heywood, 469 F.2d 602 (9th Cir. 1972).

Since it would seem to me that where the would-be CO registrant has been sufficiently misled by the board as to prevent his being prosecuted for failure to report for induction, United States v. Timmins, *supra,* as the Government by its consent to dismissal of the induction count here conceded, it should equally be prevented from prosecution for failure to report for a physical. In order words, in this, the first case in this circuit clearly presenting the question, discussed by Judge Feinberg in his dissent in United States v. McGee, *supra,* I would adopt his analysis.

Accordingly, I would reverse the judgment below.